IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| JOHN JACOB JINGLEHEIMER SCHMIDT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE CATHOLIC CHURCH, *et al.*,<br><br>　　　　Defendants. | 3:09-CV-00303-LRH (VPC)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>August 28, 2009 |

　　　　This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff John Jacob Jingleheimer Schmidt's ("plaintiff") application to proceed *in forma pauperis* and *pro se* complaint (#1). In his application and financial affidavit, plaintiff indicated that he is not employed but earns money through occasional "handyman" jobs. *Id.* Plaintiff claim that he presently has about $800, which will be used for rent and monthly expenses. *Id.* Based upon the foregoing, the court recommends that the motion for *in forma pauperis* be granted. However, the court finds that plaintiff's complaint fails to state a claim upon which relief may be granted, and is in fact frivolous. Therefore, the court recommends that plaintiff's complaint be dismissed with prejudice.

　　　　Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

　　　　Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in the Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended

1  complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel*
2  *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state
3  a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the
4  claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.
5  1999). In making this determination, the court takes as true all allegations of material fact stated
6  in the complaint, and the court construes them in the light most favorable to the plaintiff. *See*
7  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

8        The complaint must be dismissed *sua sponte* if it is in fact frivolous - that is, if the claims
9  lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that
10  are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement
11  of a legal interest which clearly does not exist), as well as claims based upon fanciful factual
12  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
13  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

14        In the instant case, plaintiff's complaint lacks an arguable basis in either law or fact.
15  Plaintiff brings this action against the Catholic Church and the Catholic Diocese of San Jose,
16  California (#1-2, p. 1). Plaintiff alleges that the Catholic Church has "committed Religious
17  persecution on him, and others by their belief on annulments." *Id*. Specifically, plaintiff claims
18  that his ex-wife, from whom he was divorced in 1997, recently also petitioned the Catholic
19  Church to annul their marriage, and the Church granted her petition. *Id*. Plaintiff contends that
20  this annulment was improper and that his ex-wife "manipulated" or "bought off" the Church. *Id*.
21  p. 2. Further, his ex-wife released his confidential medical records to the Church. *Id*. p. 3. Plaintiff
22  also alleges that the Church "committed fraud as they claimed no one needs to defend themselves
23  in its first letter." *Id*. p. 4. Finally, plaintiff states that he is requesting the court grant him "[t]he
24  presumption of innocence until proven guilty. A fair trial with a jury, John Jacob Jingleheimer
25  Schmidt could not face his accusers or the judges...John Jacob Jingleheimer Schmidt always
26  claimed that his wife had an affair that caused him to go to marriage counsel with the Church, that
27  lead to the divorce. The purpose of this lawsuit is to arrive at a truthful judgment according to a
28

reasonable jury." *Id.*

Plaintiff's complaint includes conclusory and confusing allegations against the Catholic Church and his ex-wife, and it is unclear what relief he is seeking from the court. To the extent plaintiff is challenging his divorce proceedings or agreement, or any restraining order that was enforced as a result of his divorce proceedings, this court does not have jurisdiction over such a claim. Based on the court's review of plaintiff's previous actions, it appears that "plaintiff has been filing complaints with claims concerning his California divorce proceedings..." since 2000, and in "each case, plaintiff's complaint was dismissed or remanded to the Santa Clara County Superior Court." *Ignacio v. The U.S. Dollar, et al.*, 3:08-cv-00194-BES-VPC. Further, in 1999, "a California superior court judge declared plaintiff a vexatious litigant pursuant to California Code of Civil Procedure, section 391, *et seq.*, for repeatedly filing frivolous papers with the court. *Ignacio*, 453 F.3d 1160, 1162 (9th Cir. 2006). Moreover, plaintiff has no federal right to prevent a religious and non-legal annulment. Plaintiff states that he was legally divorced from his wife in 1997. The Church's act of instituting an annulment has no legal effect on plaintiff's divorce. It merely changes the status of his marriage in the eyes of the Church, but not the status of his already dissolved marriage in the eyes of the State.

Plaintiff also appears to assert a First Amendment claim as he states that the Catholic Church has "committed Religious persecution" against him. The First Amendment states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend. I. The Catholic Church is not a state or federal actor. Therefore, even if the Church's actions interfered with plaintiff's free exercise of religion, the First Amendment would not afford plaintiff a remedy in federal court. Therefore, plaintiff has not stated a First Amendment claim.

As set forth above, none of plaintiff's allegations or requests for relief has an arguable basis in law or fact. Plaintiff's legal theories are indisputably meritless. Plaintiff has failed to state a claim upon which relief can be granted, and his complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is recommended that plaintiff's complaint be dismissed with

- 3 -

prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72-304(b) of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IT IS THEREFORE RECOMMENDED** that the district court enter an order **GRANTING** plaintiff's motion to proceed *in forma pauperis* (#1) and **DISMISSING** this action with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED: August 27, 2009.

_____
UNITED STATES MAGISTRATE JUDGE